982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order
 Larry MOOREHOUSE, Plaintiff-Appellant,
v.
GRAND RIVER DAM AUTHORITY, a government agency of the State
of Oklahoma; Henry Neftzger, individually and as General
Manager for the Grand River Dam Authority; Billy Mac
Thomison, individually and as a director of the Grand River
Dam Authority; W.H. Langley, Jr., individually and as a
director of the Grand River Dam Authority; Larry Hansen,
individually and as a director of the Grand River Dam
Authority; Marvin Hicks, individually and as a director of
the Grand River Dam Authority; J. Milton Patrick,
individually and as a director of the Grand River Dam
Authority; John M. Turner, individually and as a director
of the Grand River Dam Authority, Defendants-Appellees.
 No. 92-5003.
 United States Court of Appeals, Tenth Circuit.
 Dec. 4, 1992.
 
 Before JOHN P. MOORE and SETH, Circuit Judges, and CAMPOS, District Judge.*
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 This is an appeal from on order granting summary judgment dismissing plaintiff's § 1983 complaint for denial of property and liberty interests without due process. Plaintiff, an unclassified employee of the Grand River Dam Authority (GRDA), a public entity within the State of Oklahoma, was suspended with pay, but ultimately terminated. GRDA contends the termination was the consequence of plaintiff's acceptance of other employment, but the actual reason for the termination is not significant to our disposition. Mr. Moorehouse contended his suspension and ultimate termination is attributable to a report filed with the GRDA by the Oklahoma State Bureau of Investigation. It is admitted plaintiff was accorded no pretermination hearing to either protect his alleged property interest or clear his name. The district court held plaintiff had neither a constitutionally protected property interest nor an infringed liberty interest under the facts alleged in the last amended complaint. We agree and affirm.
 
 
 2
 It is undisputed that Mr. Moorehouse was a nonclassified employee of GRDA. He attempted to avoid summary judgment on his claim of property deprivation by showing he had been led to believe he would have a permanent position, nonetheless. We have examined his arguments on this issue and conclude they are wholly without merit. This case is clearly governed by our prior holdings in Dupree v. United Parcel Serv., Inc., 956 F.2d 219 (10th Cir.1992); Driggins v. Oklahoma City, 954 F.2d 1511 (10th Cir.), cert. denied, 113 S.Ct. 129 (1992); and Carnes v. Parker, 922 F.2d 1506 (10th Cir.1991).
 
 
 3
 Plaintiff's assertion of a liberty interest deprivation skirts Melton v. Oklahoma City, 928 F.2d 920 (10th Cir.) (en banc), cert. denied, 112 S.Ct. 296 (1991), in which we held a liberty interest claim first required proof of both stigmatization and deprivation of an opportunity of future employment. We also held that proof of stigmatization required proof of the publication of a false and defamatory statement or a true statement made with intent to harm the plaintiff's reputation. In this instance, plaintiff has failed to show that defendants made any published statement that was either false and defamatory or made with duplicity. This failure is fatal to his claim. Primas v. Oklahoma City, 958 F.2d 1506 (10th Cir.1992).
 
 
 4
 Mr. Moorehouse fails to recognize that defendants made no public statement accusing him of any criminal or otherwise stigmatizing conduct. He also has not demonstrated defendants publicly embraced or asserted any false accusation as the cause of his discharge. Although Mr. Moorehouse has pointed to discussions within GRDA of the report that led to his suspension, those discussions were neither published nor the basis for any punitive action against the plaintiff.
 
 
 5
 Mr. Moorehouse asserts for the first time on appeal an argument that the defendant is estopped from asserting the defense that he was not entitled to the protections of the Oklahoma Merit System. We will not consider a non-jurisdictional issue which has not been first presented to the district court. Daigle v. Shell Oil Co., 972 F.2d 1527, 1539 (10th Cir.1992).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Santiago E. Campos, District Judge for the United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3