Barbara J. MUNROE, Plaintiff,

v.

Keith G. KAUTZ, Defendant.

No. 93–CV–0075–B.

United States District Court,
D. Wyoming.

Sept. 27, 1993.

---

Harold F. Buck, Buck Law Offices, Cheyenne, WY, and Robert T. McAllister, Martin, McAllister, & Murphy, Denver, CO, for plaintiff.

Bruce A. Salzburg, Herschler, Freudenthal, Salzburg, Bonds & Rideout, Cheyenne, WY, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BRIMMER, District Judge.

The above-entitled matter having come before the Court upon the parties' cross motions for summary judgment, and the Court having heard argument from the parties, reviewed the materials on file herein, and being fully advised in the premises, FINDS and ORDERS as follows:

### Background

The following facts are undisputed. Plaintiff, Barbara Munroe, was employed as a secretary for Judge John Langdon, a Wyoming State District Court Judge. Judge Langdon announced his retirement in 1992. Defendant Keith G. Kautz was sworn in as his replacement on January 4, 1993. On January 5, 1993, Judge Kautz delivered a letter of termination to Munroe. Kautz then hired his secretary of eight years in private practice to fill Munroe's old position.

Plaintiff claims that Kautz' conduct was state action that deprived her of a property interest in continued employment without due process of law, in violation of the Fourteenth Amendment. U.S. Const. amend. XIV § 1. Both plaintiff and defendant have moved for summary judgment.

### Standard of Review

"By its very terms, [the Rule 56(c) ] standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original).

The trial court decides which facts are material as a matter of law. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248, 106 S.Ct. at 2510; *see also Carey v. United States Postal Serv.*, 812 F.2d 621, 623 (10th Cir.1987). Summary judgment may be entered "against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Carey*, 812 F.2d at 623. The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Carey*, 812 F.2d at 623. In considering a party's motion for summary judgment, the court must examine all evidence in the light most favorable to the nonmoving party. *Barber v. General Elec. Co.*, 648 F.2d 1272, 1276 n. 1 (10th Cir.1981).

### Discussion

The sole issues in this case are (1) whether the plaintiff had a property interest in her continued employment with the Wyoming District Court, and if such a property interest existed, (2) whether the defendant's actions are protected by the doctrine of qualified immunity. The Court divides its discussion accordingly.

### A. The Existence of a Property Interest in Plaintiff's Employment

The Fourteenth Amendment requires procedural due process before a state may deprive a person of life, liberty or property interests. U.S. Const. amend. XIV § 1. The existence of a property interest in employment depends upon whether the employee had a "legitimate claim of entitlement" to the employment, rather than an "abstract need or desire" for, or "unilateral expectation" of, continued employment. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709,

33 L.Ed.2d 548 (1972). Such property interests "are created and their dimensions defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.; Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985); *Perry v. Sindermann*, 408 U.S. 593, 601–02 n. 7, 92 S.Ct. 2694, 2699–2700 n. 7, 33 L.Ed.2d 570 (1972).

Thus, whether the plaintiff in this case had a protected property interest in continued employment depends upon the law of Wyoming. According to the Wyoming Supreme Court, the right to be discharged only for cause creates a property interest in continued employment. *Abell v. Dewey*, 847 P.2d 36, 41 (Wyo.1993). The plaintiff claims two bases for the existence of for cause employment and thus her property interest: (1) the Wyoming Judicial Branch Personnel Rules and (2) assertions on the part of Judge Langdon that her employment would be pursuant to the State Personnel Rules.

### 1. Wyoming Judicial Branch Personnel Rules

The Court first addresses the issue of whether the Wyoming Judicial Branch Personnel Rules, promulgated by the Wyoming Supreme Court, create a property interest in the plaintiff's continued employment. The Wyoming Judicial Branch Personnel Rules state, in relevant part, that "all employees ... who have been employed continuously by the court for one year may be terminated only with good cause...." According to section II of these rules, an employee is a person assigned to any of the positions not asterisked on the organization chart. There is no position listed on the chart for the secretary of a district judge. Plaintiff contends that she achieved the tenured status under the rules by working for Judge Langdon for more than one year as a "judicial assistant", and thus had a property interest in her continued employment.[1]

---

1. The "judicial assistant" position is on the chart and does fit within the definition of "employee" under the rules.

According to the rules, however, a "judicial assistant" is a "highly responsible administrative position which lends assistance to the *supreme court justice* to whom the assistant is assigned" and whose responsibilities include "administrative work, legal research, and secretarial duties." (emphasis added). Thus, as the secretary for a district judge, the plaintiff cannot be considered a "judicial assistant." The plaintiff, therefore, has no property interest in her employment as she could not be considered an employee under the rules.

▮ In any event, the Wyoming Judicial Branch Rules do not apply to state district judges or their staffs. This Court is aware of the on-going debate concerning the applicability of the Wyoming Judicial Branch Rules to state district courts and concludes that the Wyoming Supreme Court has no superintending authority over state district courts with respect to personnel matters.

The Wyoming Constitution states,

The supreme court shall have general appellate jurisdiction, co-extensive with the state, in both civil and criminal causes, and shall have a general superintending control over all inferior courts, *under such rules and regulations as may be prescribed by law.*

Wyo. Const. art. V, § 2 (emphasis added). The Wyoming legislature has prescribed rules governing the management of the state's district courts, but has given no statutory authority for the supreme court's power over district courts in such matters. Indeed, the state legislature has stated that "procedures affecting the administration of the judiciary shall be determined by the judges for their respective courts...." Wyo.Stat. § 9–2–1002(c) (1991).[2]

In accordance with this mandate, each district court judge has authority over the personnel rules of his or her court. For example, the District Court of the Fourth Judicial District has adopted its own set of formal personnel rules applicable to all full-time court personnel. Additionally, at the September, 1987, meeting of the Wyoming Judicial Conference, the state district judges voted to apply the supreme court policy on sick and vacation leave to the state's district courts.[3] This Court can find no evidence that the Wyoming Judicial Conference ever adopted the supreme court's personnel rules as a whole to apply to district court employees.

▮ Thus, even if the plaintiff were a "judicial assistant," she cannot claim that her employment was dischargeable only for cause on the basis of the Judicial Branch Rules. Where there is no contract that provides otherwise, an employee is an at-will employee, dischargeable at any time and for any reason or for no reason. *See Leithead v. American Colloid Co.*, 721 P.2d 1059, 1063 (Wyo.1986). This Court concludes that because the Judicial Branch Rules did not apply to the plaintiff, she had no property

---

**2.** In other areas, the legislature has authorized the supreme court to promulgate rules. For example, the legislature has authorized the supreme court to prescribe a code of ethics for attorneys in the state, and to organize and govern the state bar association. Wyo.Stat. § 5–2–118 (1992). In addition, the legislature granted the supreme court the power to "adopt, modify and repeal general rules and forms governing pleading, practice and procedure, in all courts of this state, for the purpose of promoting the speedy and efficient determination of litigation upon its merits." Wyo.Stat. § 5–2–114 (1992). In *White v. Fisher*, 689 P.2d 102, 106 (Wyo. 1984), the supreme court reiterated that § 5–2–114 "only supplements the constitution and does not constitute a delegation of rule-making authority from the legislature." The court went on to say, "'We are empowered to make rules that are procedural in nature.... We cannot by rule in any way change substantive rights or enlarge

the jurisdiction of any court.... To do so would be to usurp a power clearly vested in the legislature.'" *Id.* at 107 (citing *McGuire v. McGuire*, 608 P.2d 1278, 1290 (Wyo.1980)).

In light of these statutes and this precedent, this Court is persuaded that the Wyoming legislature has not delegated any power to the supreme court to promulgate rules regarding district court personnel policies.

**3.** The Wyoming Judicial Conference resolution made it clear that they were not adopting any other portions of the rules. The resolution states: "[T]he Wyoming Judicial Conference hereby adopts the rules on vacation policy and sick leave policy as established by the Wyoming Supreme Court, subject to the availability of finances in each District Court budget." Resolution, September 17, 1987.

interest in her continued employment on the basis of those rules.

## 2. State Personnel Rules

█ The plaintiff claims that representations made by Judge Langdon that her employment would be pursuant to the State Personnel Rules constituted a "mutually explicit understanding[ ] that support[s a] claim of entitlement" and created a property interest in her continued employment. *Perry,* 408 U.S. at 601, 92 S.Ct. at 2699. In *Abell,* 847 P.2d 36, the Wyoming Supreme Court considered whether the State Personnel Rules created a property interest in continued employment. The Court held that the State Personnel Rules, like the employee handbooks in *Leithead,* 721 P.2d at 1063 and *Mobil Coal Producing, Inc. v. Parks,* 704 P.2d 702 (Wyo.1985), give employees the right to be discharged only for cause and thus create a property interest in continued employment. *Abell,* 847 P.2d at 41; *see also Vinyard v. King,* 728 F.2d 428, 430–31 (10th Cir.1984). Plaintiff contends that the State Personnel Rules apply to her employment as the secretary to Judge Langdon and Judge Kautz. This Court disagrees.

The Wyoming State Personnel Rules apply to all positions and employees of the Executive Branch of the State Government. Wyoming State Personnel Rules, ch. 1 § 2 and Appendix, § 22. By the terms of the enabling statute these rules do not directly apply to the judicial branch: "procedures affecting the administration of the judiciary shall be determined by the judges for their respective courts, and they shall not be bound by rules and regulations promulgated by the department." Wyo.Stat. § 9–2–1002(c) (1991).

This Court must decide the legal issue of whether, in light of the express provisions of the Wyoming Statute § 9–2–1002(c), a property interest could have been created on the basis of Judge Langdon's representations that the rules would apply to the plaintiff. *See Driggins v. Oklahoma City,* 954 F.2d 1511, 1513 (10th Cir.1992) (indicating that the question of whether, given certain city charter provisions to the contrary, the city council could promulgate personnel policies or could create a mutual understanding that an employee would be fired only for cause, was a legal question to be decided by the court).

Plaintiff would have the Court believe that, whether or not Judge Langdon's statements were correct, his representations to her that the Wyoming State Personnel Rules applied to her employment, created a mutually explicit understanding that after one year of employment she would become a tenured employee of the state, dischargeable only for cause.

The Court finds instructive the case of *Dickeson v. Quarberg,* 844 F.2d 1435 (10th Cir.1988). In that case, the Tenth Circuit confronted the plaintiffs' claims that explicit understandings between the sheriff and the plaintiffs created a property interest in their employment. The court stated:

> Sheriff Harvey's representations and any understandings he had with plaintiffs were necessarily confined to his term of office under the Wyoming elective system. In light of that system and his limited term, and the new sheriff's appointing powers . . . we hold that [the plaintiffs'] theory of a property interest was insufficient as a matter of law.

*Id.* at 1439. *See also Heck v. City of Freeport,* 985 F.2d 305 (7th Cir.1993) (term of office of health inspector appointed by mayor ended when mayor lost re-election bid); *Wolf v. City of Fitchburg,* 870 F.2d 1327, 1331 (7th Cir.1989) (term of appointed treasurer ended with term of mayor who appointed her and she was therefore subject to removal at any time by the mayor's successor).

This Court reasons that if Judge Langdon had the authority under Wyo.Stat. § 9–2–1002(c) to extend the State Personnel Rules to the plaintiff, it follows that Judge Kautz would have similar authority under the same statute to change the terms of her employment. In other words, Langdon's authority ended upon the completion of his term; he had no authority to bind his successors to the plaintiff's employment under the State Personnel Rules. Thus even if the plaintiff had a property interest in her continued employment while Judge Langdon was in office, absent Judge Kautz' assertions to the con-

trary, her employment under Kautz was at-will and she had no property interest in its continuation.

Therefore, this Court holds that plaintiff has no property interest on the basis of either the Judicial Branch Personnel Rules or the State Personnel Rules. The defendant is thus entitled to summary judgment.

## B. Qualified Immunity

█ While the Court has concluded that the defendant is entitled to summary judgment on the plaintiff's procedural due process claim, above, the Court will nonetheless address the defendant's qualified immunity contention. The defendant argues that even if the plaintiff had a property interest in her continued employment, he is entitled to qualified immunity from suit under 42 U.S.C. § 1983 (1988). "Government officials performing discretionary functions[ ] generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *see also Mitchell v. Forsyth,* 472 U.S. 511, 527, 105 S.Ct. 2806, 2816, 86 L.Ed.2d 411 (1985). A defendant is entitled to summary judgment on qualified immunity grounds if he can establish that a reasonable official could have believed that his actions were constitutional, even if in fact they were not. *See Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). Defendant argues that because no court has ever held that a district judge's secretary is tenured and therefore entitled to due process protections prior to termination, it is not a clearly established right and therefore the defendant is entitled to qualified immunity.

In *Anderson v. Creighton,* 483 U.S. 635, 639–40, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987) the Supreme Court explained what is meant by a "clearly established" legal rule for the purposes of qualified immunity:

> For example, the right to due process of law is quite clearly established by the Due Process Clause, and thus there is a sense in which any action that violates that Clause (no matter how unclear it may be

that the particular action is a violation) violates a clearly established right. Much the same could be said of any other constitutional or statutory violation. But if the test of "clearly established law" were to be applied at this level of generality, it would bear no relationship to the "objective legal reasonableness" that is the touchstone of *Harlow....* It should not be surprising, therefore, that our cases establish that the right the official is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense: *The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.* This is not to say that official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent. (emphasis added, citations omitted).

█ The question, then, is whether a reasonable district judge in the defendant's position would have known he was violating the secretary's clearly established right by terminating her employment. The Court holds that a reasonable district judge would not have known that discharging the secretary of the judge who preceded him would violate her due process rights.

Other courts have reached similar conclusions under analogous circumstances. For example, under Illinois law, the general health inspector's term of office ended when the Mayor who had appointed him lost his office. *Heck v. City of Freeport,* 985 F.2d 305, 307 (7th Cir.1993); *see also Wolf v. City of Fitchburg,* 870 F.2d 1327, 1331 (7th Cir. 1989) (court held that the city treasurer's term of employment terminated at the expiration of the term of the mayor who appointed her); 63A Am.Jur.2d *Public Officers and Employees* § 165 (1964).

In addition, it would be reasonable to conclude that the representations on the part of Judge Langdon that the State Personnel Rules applied to the plaintiff did not create a property interest in her continued employ-

ment. *See Gallegos,* 984 F.2d at 363 (city mayor's promise to ensure that a city employee's position would be placed on civil service status was insufficient to create a constitutionally protected property interest).

The Court also reasons, as discussed above, that a secretary to a district court judge is not an employee covered by the Wyoming Judicial Branch Personnel Rules. Further, the enabling act to the Wyoming State Personnel Rules provides broad discretion to the judiciary: "procedures affecting the administration of the judiciary shall be *determined by the judges for their respective courts.*" Wyo.Stat. § 9–2–1002(c) (emphasis added). Finally, the Wyoming Court Rules state that "Appointees of a judge include ... personnel such as clerks and secretaries...." Wyoming Court Rules, Canon 3(C)(4), commentary. Accordingly, it is difficult to conceive that any reasonable district court judge would believe that discharging the secretary of his predecessor would violate the Constitution. The defendant is thus entitled to summary judgment on qualified immunity grounds.

THEREFORE, IT IS

**ORDERED** that defendant's motion for summary judgment be, and the same hereby is, **GRANTED.** It is further

**ORDERED** that plaintiff's motion for summary judgment be, and the same hereby is, **DENIED.** It is further

**ORDERED** that this case be, and it hereby is, dismissed with prejudice.