Mark Houston WHATLEY, Plaintiff,

v.

CITY OF BARTLESVILLE, OKLA-
HOMA, a municipal corporation; Thom-
as R. Holland, former Chief of Police;
and Robert E. Metzinger, City Manager,
Defendants.

No. 95–CV–153–H.

United States District Court,
N.D. Oklahoma.

March 1, 1996.

Mark Houston Whatley, Bartlesville, OK, pro se.

Thomas A. LeBlanc, Ron Wood, Ronald D. Wood & Assoc., Tulsa, OK, for defendants.

## ORDER

HOLMES, District Judge.

This matter comes before the Court on the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment of Defendant City of Bartlesville ("City") (Docket # 10).[1]

Mr. Whatley, a former Bartlesville police officer, brought this action pursuant to 42 U.S.C. § 1983, asserting that the City and the individual defendants deprived him of property and liberty interests in connection with his termination. Claiming that Mr. Whatley has failed to allege a violation of his due process rights, the City filed this motion.

### I.

■ To prevail on a motion to dismiss, a defendant must establish that there is no set of circumstances upon which the plaintiff would be entitled to relief. *Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Ash Creek Mining Co. v. Lujan*, 969 F.2d 868, 870 (10th Cir.1992). For the purposes of this analysis, the Court accepts as true all material allegations in the complaint. *Ash Creek Mining*, 969 F.2d at 870.

■ If, as in this case, a court looks *outside the pleadings, the motion to dismiss should be converted to a motion for summary judgment*, in which case a court views the evidence submitted in the light most favorable to the nonmoving party. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir.1991). Nonetheless, the moving party "has no burden to disprove unsupported claims of his opponent." *Pueblo Neighborhood Health Ctrs. v. Losavio*, 847 F.2d 642, 649 (10th Cir.1988) (citing *Celotex*, 477

---

1. The Motion to Dismiss, or in the Alternative, Motion for Summary Judgment was filed on behalf of all defendants. In an order entered August 23, 1995, the Court granted in part the motion to dismiss as it related to the individual defendants. The Motion regarding the City was taken under advisement at that time.

U.S. at 324, 106 S.Ct. at 2553; *Anderson,* 477 U.S. at 247–50, 106 S.Ct. at 2509–11).

■ Summary judgment is appropriate where "there is no genuine issue as to any material fact," *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Windon Third Oil & Gas Drilling Partnership v. Federal Deposit Ins. Corp.,* 805 F.2d 342, 345 (10th Cir.1986), *cert. denied,* 480 U.S. 947, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987), and "the moving party is entitled to judgment as a matter of law," Fed.R.Civ.P. 56(c). In *Celotex,* the Supreme Court stated:

> [t]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

477 U.S. at 322, 106 S.Ct. at 2552.

■ A party opposing a properly supported motion for summary judgment must offer evidence, in admissible form, of specific facts, Fed.R.Civ.P. 56(e), sufficient to raise a "genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) ("The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. at 2510.

■ Summary judgment is only appropriate if "there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 250, 106 S.Ct. at 2511. The Supreme Court stated:

> [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Id.* at 252, 106 S.Ct. at 2512. Thus, to defeat a summary judgment motion, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511 ("There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." (citations omitted)).

■ In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

## II.

■ Mr. Whatley claims that the City deprived him of a property interest in his continued employment without affording him due process of law. As a threshold matter, Mr. Whatley must be able to establish that he had a property right in his continued employment. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Whether an employee has a protected property interest in his position is purely a question of law to be determined by the court. *Driggins v. City of Oklahoma City,* 954 F.2d 1511, 1513 (10th Cir.1992), *cert. denied,* 506 U.S. 843, 113 S.Ct. 129, 121 L.Ed.2d 84 (1993).

> Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Thus, the sufficiency of Mr. Whatley's claim of entitlement "must be decided by reference to state law." *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *Driggins,* 954 F.2d at 1513.

Oklahoma recognizes the employment at-will doctrine. *Carnes v. Parker*, 922 F.2d 1506, 1510 (10th Cir.1991).

> In the absence of an implied or express agreement between the employer and its employees, the employer may terminate an employee at any time with or without cause. The Oklahoma Supreme Court has refused to recognize an implied covenant of good faith and fair dealing in employment at-will contracts.

*Id.* (citations omitted). Thus, Mr. Whatley must be able to establish the existence of an express or implied agreement which alters his status as an at-will employee.

The Amended City Charter for the City of Bartlesville provides that the City Manager "shall have the power and shall be required to [a]ppoint and, *when necessary for the good of the service,* remove all administrative officers and employees of the city...." Charter, Art. 5, § 11(a); *see id.* at Art. 6, § 3. It is well established under Oklahoma law that employment conditioned on "for the good of the service" does not give rise to a cognizable property interest for due process purposes. *See, e.g., Phillips v. Calhoun*, 956 F.2d 949, 953 (10th Cir.1992). Mr. Whatley therefore must allege some other source of authority for his alleged property interest in continued employment.

Mr. Whatley contends that his property interest arose from two categories of law. First, he claims that his designation as a Bartlesville police "officer" entitles him to the statutory protection afforded state "officers" in the Oklahoma statutes. Specifically, he relies upon 22 O.S. §§ 1181, 1182. The Court finds that such reliance is misplaced. The cited statutes are criminal procedure statutes that regulate the removal of elected and appointed officials from office. Nothing in these statutes is relevant to personnel decisions regarding city employees.

Mr. Whatley further contends that he has a right to continued employment based on the fact that the City provides certain procedural protections in the employment context. He asserts that the various disciplinary guidelines set forth in the City of Bartlesville Personnel Rules and Regulations and the Bartlesville Police Department Rules and Regulations "create" a for-cause employment relationship "in that they mandate certain procedural processes in matters of employee discipline." Pl.'s Resp.Br. at 66. The Tenth Circuit, however, has expressly rejected this argument, stating:

> By themselves ... these procedural protections do not support a 'legitimate claim of entitlement' to future employment. At best, they merely support a claim of entitlement to the procedural protections themselves. At least five circuits have adopted the view that procedural protections alone do not create a protected property right in future employment; such a right attaches only when there are substantive restrictions on the employer's discretion.

*Campbell v. Mercer*, 926 F.2d 990, 993 (10th Cir.1991) (quoting *Asbill v. Housing Auth. of Choctaw Nation*, 726 F.2d 1499, 1502 (10th Cir.1984)).

The Court therefore concludes that Mr. Whatley did not have a property interest in his continued employment entitling him to invoke the protections of the Due Process Clause. Summary judgment in favor of the City is therefore appropriate.

### III.

Mr. Whatley also asserts that the City violated his liberty interests by allegedly publicizing false and defamatory statements about him. To establish a claim for a violation of due process, Mr. Whatley must articulate how the City infringed upon his liberty interests.

> First, to be actionable, the statements must impugn the good name, reputation, honor, or integrity of the employee. Second, the statements must be false. Third, the statements must occur in the course of terminating the employee or must foreclose other employment opportunities. And fourth, the statements must be published. These elements are not disjunctive, all must be satisfied to demonstrate deprivation of the liberty interest.

*Workman v. Jordan*, 32 F.3d 475, 481 (10th Cir.1994) (citations omitted). Construing the record in the light most favorable to Mr.

Whatley, the Court concludes that his allegations fail to satisfy those requirements for a due process claim based on violation of liberty interests.

■ In his Complaint, Mr. Whatley apparently based his liberty interest claim upon statements made by Police Chief Thomas R. Holland on January 9, 1991. Pl.'s Compl. ¶ 6.[2] The Complaint alleges:

On this occasion, Defendant Holland, acting in his official capacity and under color of state law, engaged in an illusive, devious and coercive act in which he purposely misused and knowingly misrepresented to plaintiff police department records taken out of context, which record falsely reported information to Defendant Holland an incident alleging off-duty misconduct on plaintiff's part. Defendant Holland denied the plaintiff information regarding the identity of the false accuser, denied plaintiff access to the full record, and denied plaintiff an opportunity to respond to the stigmatizing and defamatory statements represented in the information that placed plaintiff's personal honor and professional reputation at stake. Nevertheless, Defendant Holland used said false information against plaintiff in a coercive attempt to force plaintiff's resignation in an official setting wherein the plaintiff was presented with accusatory material alleging misconduct, and where the imposition of disciplinary action by the City of Bartlesville against the plaintiff was under consideration. At the conclusion of this meeting, Defendant Holland provided plaintiff with a document that the defendant alleged to be a full and complete record of the verbal content communicated to plaintiff by Defendant Holland in said meeting. However, Defendant Holland had by contrivance and manipulation omitted from that document any reference to the false and defamatory accusations that he had just presented to plaintiff in a coercive attempt to force plaintiff's resignation. Defendant Holland's actions of January 9, 1991 deprived the plaintiff of his rights to substantive and procedural due process and his liberty interests under Article VI of the City of Bartlesville Personnel Rules and Regulations manual and the Fourteenth Amendment to the United States Constitution.

*Id.* The Court concludes that the allegations set forth in Plaintiff's complaint fail to allege a violation of a protected liberty interest. Most notably, Plaintiff does not allege that the allegedly false and defamatory statements were published. Although Mr. Whatley's transcription of the meeting indicates that Police Captain John Bevard was also present at the January 9, 1991 meeting, "such intragovernment dissemination, by itself, falls short of the Supreme Court's notion of publication: 'to be made public.' " *Asbill*, 726 F.2d at 1503.

■ Because Mr. Whatley is proceeding in this action *pro se*, the Court will construe his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Therefore, the Court notes that Mr. Whatley has alleged additional facts in brief which he claims further support his claim of a liberty interest violation. He includes as exhibits various newspaper articles from the Bartlesville-area press. Pl.'s App., Vol. IV, Exs. SS, TT, UU, VV, WW. Two of the stories report on the civil right actions citizens filed against the City which alleged misconduct on the part of Mr. Whatley during his tenure with the Bartlesville Police. Nothing in those articles indicated that the authors of the stories had received any information from the City regarding Mr. Whatley's involvement that was not a matter of public record. In fact, one article states, "Mark Whatley, who was involved in three claims, was fired from the police force in January, but police and city officials have not said why." Ex. SS. These articles, therefore, clearly do not constitute evidence of a due process violation.

The remaining articles report on a petition filed by Mr. Whatley requesting a grand jury investigation into alleged wrongdoing in city and county government. Exs. TT, UU, VV, WW. The only statement by a City official

---

**2.** Plaintiff alludes to liberty interest violations in four other paragraphs of the Complaint. Pl.'s Compl. at ¶¶ 5, 7–9. The Court, however, finds no arguable basis upon which to find an infringement upon Mr. Whatley's liberty interest on the facts set forth in those paragraphs.

regarding Mr. Whatley was Chief Holland's comment, "I will make available to a grand jury the entire files of the Bartlesville Police Department, including the four volumes I have on Mark Whatley." Even if the Court construed this statement in itself as damaging to Mr. Whatley's character, he has failed to allege that the substance of the statement, i.e., that the Bartlesville Police Department had four volumes of files regarding Mr. Whatley, was false. The Court thus concludes that, construing the evidence in the light most favorable to Mr. Whatley, his claim for a liberty interest violation is not supported by the facts of this case.

In summary, the Court holds that Mr. Whatley has failed to allege facts sufficient to establish a deprivation of either a property or liberty interest. The City's Motion for Summary Judgment is hereby granted (Docket # 10).

IT IS SO ORDERED.