Cleveland MORELAND, Jr.,
Plaintiff–Appellant,

v.

METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY, TENNESSEE; Sue McKnight Evans, Individually and in her official capacity; Leon Ruben; Gail B. Robinson; John P. Brown; Michael F. Mondelli; William E. Higgins; H. Phillip Sadler; William Famon, Defendants–Appellees.

No. 00–5609.

United States Court of Appeals, Sixth Circuit.

June 12, 2001.

Before BATCHELDER and MOORE, Circuit Judges; BERTELSMAN, District Judge.*

Cleveland Moreland, Jr., proceeding pro se, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–5 et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Moreland sued the Metropolitan Government of Nashville and Davidson County, Tennessee, and the judges of the General Sessions Court (Judges Evans, Ruben, Robinson, Brown, Mondelli, Higgins, Sadler, Famon, and Harrington) in their individual and official capacities. Moreland had been employed as a probation officer by various judges from 1989 until his discharge in 1997 by Judge Evans. Moreland, initially proceeding through counsel, asserted that: 1) he was terminated without due process; 2) the termination was in violation of the First Amendment; and 3) he was terminated because of his race and gender. Moreland also asserted state law claims, but later voluntarily dismissed these claims, his discrimination claim, and all claims against Judge Harrington. Upon consideration of the defendants' dispositive motions, the district court granted summary judgment to the defendants and dismissed the action.

In his timely appeal, Moreland essentially reasserts his first two claims. Counsel for the defendant judges requests oral argument.

■ Upon de novo review, we conclude that the district court properly granted summary judgment to the defendants. See Fed.R.Civ.P. 56(c); Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). As to the first claim, Moreland had no protectable property interest in his job under state or local law and therefore had no right to due process when terminated. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); Gregory v. Hunt, 24 F.3d 781, 785 (6th Cir.1994); Metropolitan Code of Laws § 2.56.110. Internal policies of the court did not establish a property interest in Moreland's position because local law specifically excluded the position from civil service protection. See Driggins v. City of Oklahoma City, 954 F.2d 1511, 1514 (10th Cir.1992); Ryan v. Aurora City Bd. of Educ., 540 F.2d 222, 227 (6th Cir.1976).

■ Moreland's second claim fails because he did not present evidence from which a jury could reasonably conclude that his First Amendment activity, i.e., his political support of Judge Evans's predecessor, was a substantial or motivating factor in his termination. See Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Judge Evans permitted Moreland to work for her for eleven months after the election, criticized him solely based on work performance, and never talked to Moreland about his support of the former judge. Additionally, none of the defendant judges indicated during depositions that Judge Evans had fired Moreland because of his political affiliation.

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Accordingly, the request for oral argument is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.