Charles A. JETER, Plaintiff,

v.

JIM WALTER HOMES, INC., Defendant.

Civ. No. 76–0124–D.

United States District Court,
W. D. Oklahoma.

March 30, 1976.

Larry G. Cassill, Oklahoma City, Okl. for plaintiff.

Lawrence A. Johnson, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

In this action Plaintiff seeks recovery of damages allegedly sustained as a result of Defendant's breach of his contract of employment. The case was removed from the District Court of Oklahoma County, State of Oklahoma. The basis of said removal was diversity of citizenship and the required amount in controversy. 28 U.S.C. § 1332.

Plaintiff alleges that he was employed by Defendant pursuant to a written contract of employment executed in Corpus Christi, Texas on June 23, 1975. On November 15, 1975 Plaintiff was transferred to Oklahoma City, Oklahoma to be employed as manager of Defendant's Oklahoma City branch office. Plaintiff was thereafter discharged by Defendant. Plaintiff alleges that his discharge was in violation of the terms of his contract of employment as it was not for acts of misconduct as defined therein. A copy of the alleged contract of employment is attached to the petition. Plaintiff seeks recovery of $700 back pay, $220,400 in loss of future wages, and $1,100 in moving expenses.

Defendant has filed herein a Motion for Summary Judgment with supporting Brief on the basis that Plaintiff's termination is not actionable as the employment contract was not for a term certain and contracts of employment which are not for a specified term are terminable at will by either party. Defendant relies on *Freeman v. Chicago, Rock Island and Pacific Railroad Co.*, 239 F.Supp. 661 (W.D.Okl.1965) and cases cited therein. Plaintiff has responded to said Motion by Brief and opposes the same. Upon examination of the file, the Court finds and concludes that it lacks subject matter jurisdiction herein. The Court has a duty to look to its own jurisdiction and lack of subject matter jurisdiction may be asserted by the Court, sua sponte, at any time. See discussion 5 Federal Practice and Procedure, Wright & Miller, § 1350.

Jurisdiction in this case is asserted under 28 U.S.C. § 1332. This section requires that the amount in controversy exceed the sum or value of $10,000.00. The test the Court must apply in determining whether the jurisdictional amount requirement of 28 U.S.C. § 1332 is satisfied is whether under settled state law the Plaintiff's claims are not, to a legal certainty, recoverable in an amount in excess of $10,-000.00. *City of Boulder v. Snyder*, 396 F.2d 853 (Tenth Cir. 1968); *Renfroe v. Preferred Risk Mutual Insurance Company*, 296 F.Supp. 1137 (N.D.Okl.1969).

It is clear that, as the instant contract of employment was not for a term certain, Plaintiff is not entitled to recover loss of future wages. *Freeman v. Chicago, Rock Island and Pacific Railroad Co., supra.* Indeed, Plaintiff, in his Brief in response to Defendant's Motion For Summary Judgment, admits that he is not entitled to recover for loss of future wages. Therefore, on the face of the pleadings herein the amount recoverable in this action is, to a legal certainty, under State law less than $10,000.00. The combined prayer, without future wages, is less than $2,000.00. Accordingly, the Court lacks subject matter jurisdiction and sua sponte this action should be remanded to the State Court

from which it was removed. The Clerk will take the necessary action to remand the case.