**Lucy JOHNSON, Appellant,**

v.

**Edward N. NASCA and Psychiatric Institutes of America, Inc. d/b/a Great Plains Hospital, Appellees.**

**No. 71157.**

Court of Appeals of Oklahoma, Division No. 1.

Oct. 16, 1990.

Certiorari Denied Dec. 18, 1990.

Taylor C. Stein, Lawton, for appellant.

C.E. Wade, Jr., Lawton, for appellees.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

Appellant Lucy Johnson contends the trial court erred in granting Appellees' motion for summary judgment in her action alleging breach of contract, tortious breach of contract, and tortious interference with employment and contractual relations. It is undisputed Johnson was summarily terminated as a Program Director on June 30, 1987, without prior notice of any deficiency in her job performance.

Johnson contends she should not have been terminated until the "problem solving" and "corrective action" procedures described in an employee handbook were followed. It is the effect of this handbook and Appellees' pattern of practice of following the described procedures which lie at the heart of this appeal.

Appellees contend Johnson was an at-will employee who was terminable at will. Appellees deny that any contractual rights accrued because of issuing an employee handbook, or including the procedures in the handbook. They point to the following text:

> This employee handbook has been written as a guide for employees. It should not be considered a contract or employment agreement between the hospital and employee. The hospital reserves the right to change any information in the handbook at any time. The hospital also reserves the right at any time to take any action it deems necessary in its sole discretion for the best interest of the hospital....

Appellees also cite the following handbook text as demonstrating the optional nature of the procedures:

> ... After the Probationary Period, the following procedure will be followed when possible, at the Hospital's discre-

tion, to attempt to give all employees fair treatment, and and opportunity to improve their performance or correct their conduct: ...

Appellees contend these text sections are an effective disclaimer of any implied right to use of the procedures. They deny Johnson acquired any implied right to the use of the procedures, and that her employment was terminable at will. Appellees also argue the decision of the administrator is final and binding under the problem solving procedure. They contend use of that procedure would be meaningless since Johnson was required to go to her immediate supervisor, and her supervisor was the administrator who terminated her. This argument ignores the "corrective action" procedure which was to be followed after the probationary period. It is undisputed that Johnson was past this probationary period.

In ruling upon the motion for summary judgment, the trial court necessarily must have found all the requirements for summary judgment had been satisfied. *Keel v. MFA Mutual Insurance Company,* 553 P.2d 160 (Okl.1976). In so finding, it must have agreed with Appellees that there was no controversy over the fact Johnson was an at-will employee who was terminable at will.

Summary judgment is proper only where there is no substantial controversy as to material facts, or where upon undisputed facts, reasonable minds can not differ as to the conclusions to be drawn, and that conclusion entitles the moving party to judgment as a matter of law. *Mengel v. Rosen,* 735 P.2d 560 (Okl.1987). An examination of the evidentiary materials submitted in opposition to the motion for summary judgment reveals reasonable minds could differ as to the conclusions to be reached upon the facts presented.

The Oklahoma Supreme Court, in *Hinson v. Cameron,* 742 P.2d 549 (Okl.1987) noted factors critical in evaluating whether an implied contract exists including: longevity of employment, employer hand-books, policy manuals, detrimental reliance on oral assurances, pre-employment interviews, company policies, past practices, promotions and commendations. Further, a handbook alone may constitute an offer of a unilateral contract. *Langdon v. Saga Corp.,* 569 P.2d 524 (Okl.App.1977).

Johnson asserts she had a reasonable expectation, based upon ambiguities in the handbook and upon the pattern of practice in the workplace, that she would not be terminated until the procedures were followed. She presented evidence of her promotion and of employee evaluations which showed her work was not only satisfactory by Appellees' standards, but that she ranked within the second highest evaluation category. There is no evidence of prior notice of unsatisfactory service. The only criticism of her work came at the point of termination. It is undisputed no portion of the "problem solving" or "corrective action" procedures were used prior to her termination.

The record contains evidence other employees were discharged utilizing the procedures. The personnel director testified at deposition that she understood the procedures applied to all levels of employees, and had never been advised otherwise. Johnson consulted with the director of personnel, and from those discussions, concluded the procedures must be followed. She testified she followed the procedures in terminating employees she supervised.

She received a copy of a newspaper article from her supervisor warning of the legal hazards of firing employees at will. From this article, she further concluded that it was hospital policy that these procedures must be used.

Her deposition testimony, that of the personnel director, and that of other employees concerning their understanding of policy, were presented to the trial court in Johnson's response to the motion. She further directed the trial court's attention to the following language on the same handbook page as the "disclaimer" text:

The Personnel Office has an "open door" policy, and two of the functions of Personnel are to assist employees with problems that affect themselves or the facility and *to clarify facility policies and procedures.* (Emphasis added.)

Johnson also pointed to the following handbook text:

In any organization, it is necessary to establish standards of conduct and disciplinary procedures to assure an orderly and efficient operation. For this reason, this Hospital has formulated a set of policies, rules and regulations *that apply equally to all employees.* (Emphasis added.)

██ While an employer may disclaim the creation of contractual rights, such a disclaimer must be clear.[1] Here, the handbook, when viewed in conjunction with a pattern of practice indicating the adoption and consistent use of these procedures, may lead reasonable minds to differing conclusions about the existence of implied contractual rights to use of the procedures.[2] Thus, summary judgment was improvidently granted as to Johnson's actions for breach of contract.

██ We shall not address Johnson's claim for interference with her contractual or employment relationship due to alleged bad faith on the part of her supervisor. To recover, Johnson must show: (1) that she had a contractual right which was interfered with; (2) that the interference was wrongful and malicious; (3) that the interference was neither justified, privileged, nor excusable; and (4) that damage was proximately sustained as a result of the interference. *Mac Adjustment, Inc. v. Property Loss Research,* 595 P.2d 427 (Okl. 1979).

It is apparent from the record and the briefs on appeal that the trial court and the parties have treated the issue of at-will employment as a threshold question. In finding as it did on the motion for summary judgment, the trial court did not address the remaining issues. Further, the parties do not present argument or cite authority in the appellate briefs regarding the interference and bad faith allegations. Consequently, we make no determination of these issues, and nothing herein shall be construed as foreclosing the parties from raising and addressing these issues upon remand, whether by motion or otherwise. *Red River Const. Co. v. City of Norman,* 624 P.2d 1064 (Okl.1981).

In her petition in error, Johnson further alleges her employers violated their contract with her by being sexually discriminatory in the payment of wages. The issue of discrimination was not presented to the trial court, nor is the matter addressed in the briefs. The matter will not be addressed by this Court. *See Erwin v. Harris,* 371 P.2d 902 (Okl.1962).

This case is remanded to the trial court for further proceedings in accord with the views herein expressed.

REVERSED and REMANDED.

BAILEY and HANSEN, JJ., concur.

1. Thus, in *Shelby v. Zayre,* 474 So.2d 1069 (Ala. 1985), when a hiree signed an employment application advising that her employment would be terminable at will, with or without cause or prior notice, and stated no manager or representative could change that policy, it was held she could not rely on an assistant manager's general assurances during the hiring interview that she would not be laid off.

2. As the Supreme Court of Michigan noted, in *Toussaint v. Blue Cross & Blue Shield of Mich.,* 408 Mich. 579, 292 N.W.2d 880, 892 (1980): While an employer need not establish personnel policies or practices, where an employer chooses to establish such policies and practic- es and makes them known to its employees, the employment relationship is presumably enhanced.... It is enough that the employer chooses, presumably in its own interest, to create an environment in which the employee believes that, whatever the personnel policies and practices, they are established and official at any given time, purport to be fair, and are applied consistently and uniformly to each employee. The employer has then created a situation "instinct with an obligation." Where such an environment is created, reliance upon the established policy may give rise to an implied contract.