Ted P. CAMPBELL, Plaintiff–Appellee,

v.

Ernest MERCER, as Mayor of Elmore City, and as an individual, Defendant–Appellant.

No. 89–6324.

United States Court of Appeals, Tenth Circuit.

Feb. 26, 1991.

---

David W. Kirk of McKinney, Stringer & Webster, P.C., (Jim T. Priest, with him on the briefs) Oklahoma City, Okl., for defendant-appellant.

Richard L. Denney of Denney & Barrett, P.C., (Lydia Joann Barrett, with him on the briefs) Norman, Okl., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, BALDOCK, Circuit Judge, and GREENE, District Judge.*

J. THOMAS GREENE, District Judge.

Ernest Mercer, Mayor of Elmore City, Oklahoma, brings this interlocutory appeal from the district court's order rejecting

Mercer's defense of qualified immunity to plaintiff's property interest claim. For reasons set forth herein, we reverse.

## BACKGROUND

Plaintiff-appellee, Ted Campbell, brought suit under 42 U.S.C. § 1983 in connection with the termination of his employment as Chief of Police of Elmore City, Oklahoma. Defendant-appellant, Ernest Mercer, was elected Mayor of Elmore City in March 1987. Mayor Mercer terminated Campbell's employment in July, 1987, for the stated reason "for the good of the service." Shortly thereafter, Campbell requested a post-termination hearing before Elmore City's Personnel Review Board. On the day of Campbell's request, one of the three Board members resigned. Campbell commenced this lawsuit in December, 1987, alleging, in part, that Mayor Mercer deprived him of his constitutionally protected property interest in his employment without due process of law by terminating his employment without cause and by failing to provide for a post-termination hearing before the Personnel Review Board.[1] In January, 1988, a replacement Board member was named.

The lower court granted Summary Judgment on plaintiff's claim for deprivation of property interests without due process of law, in an Order dated May 19, 1989. Thereafter the court denied defendant's Motion to Reconsider in which he urged entitlement to the defense of qualified immunity. Accordingly, the matter is before the court on the issue of qualified immunity.

## DISCUSSION

### I.

The legal issues in Mercer's claim of qualified immunity are appealable "final decisions" within the meaning of 28 U.S.C. § 1291. *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411

---

* The Honorable J. Thomas Greene, Judge, United States District Court for the District of Utah, sitting by designation.

1. The City of Elmore is also a named defendant but the qualified immunity issue in this appeal only concerns defendant Mercer.

(1985); *Maxey v. Fulton*, 890 F.2d 279 (10th Cir.1989). Such legal issues on appeal are decided on a de novo standard of review. *Eastwood v. Department of Corrections of Okla.*, 846 F.2d 627, 629 (10th Cir.1988).

The affirmative defense of qualified immunity is available to government officials in actions brought pursuant to 42 U.S.C. § 1983. *Gomez v. Toledo*, 446 U.S. 635, 639, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). A government official is entitled to immunity from liability if the official's conduct as alleged in the complaint did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The unlawfulness must be apparent "in light of preexisting law." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). The questions of what the current applicable law is, whether that law was clearly established at the time the official's action occurred, and whether the official's acts were objectively reasonable, are questions of law for the court to determine. *England v. Hendricks*, 880 F.2d 281, 283–84 (10th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1130, 107 L.Ed.2d 1036 (1990). If material factual disputes exist with regard to the actions of the official, summary judgment on the basis of qualified immunity is not possible. *DeVargas v. Mason & Hanger–Silas Mason Co.*, 844 F.2d 714, 718–20 (10th Cir.1988).

## II.

The central issue in connection with defendant Mercer's claim of qualified immunity is whether it was clearly established law in 1987 that plaintiff Campbell had a constitutional right to a post-termination hearing. Plaintiff's constitutional claim in this case depends on whether he has a property right in continued employment. *Sipes v. United States*, 744 F.2d 1418, 1420 (10th Cir.1984). *See also Carnes v. Parker*, 922 F.2d 1506 (10th Cir.1991). The property interest claimed by plaintiff is the right to continued employment as Chief of Police of Elmore City until he committed an act which would justify his discharge for cause. *Vinyard v. King*, 728 F.2d 428, 432 (10th Cir.1984) (property interest exists if state or local law creates "a sufficient expectancy of continued employment"). Determining whether plaintiff has such a property interest is a question of state law. The Supreme Court explained in *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972):

> Property interests, of course, are not created by the Constitution. Rather, the are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Id.* at 577, 92 S.Ct. at 2709; *see also Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976).

■ In the instant case, the Elmore City Code provides that the police chief could be discharged by the mayor when it was "for the good of the service." The Elmore City Code states that the mayor shall "Appoint, and when deemed necessary *for the good of the service*, lay off, suspend, demote, or remove all heads, or directors, of administrative departments and all other administrative officers and and [sic] employees of the city." Elmore City Code, Ch. 1, Art. 2, § 1–2(a) (emphasis added). The Elmore City Code is silent on any rights to appeal employment decisions to a personnel board, but Oklahoma statutes affording such rights to certain classes of city employees, such as plaintiff, are attached in the appendix to the City Code. The City Personnel Board is empowered to reverse an employment termination decision of the mayor "if the personnel board finds to its satisfaction that the ... removal was made for a political reason or for any other reason other than the good of the service." 11 Okla.Stat. § 11–125. Plaintiff argues that he had a right to appeal the mayor's decision to terminate

his employment to the City Personal Board because this state law procedure was effectively part of the Elmore City Code by its inclusion in the appendix to the City Code and because a City Personnel Board had been established to hear such appeals. Further, it is submitted that the mayor had actual knowledge of the right to appeal.

This court need not decide whether plaintiff had a right to an appeal before the City Personnel Board under Oklahoma law or under the Elmore City Code because such *procedural* protections do not pertain to *substantive* restrictions on the mayor's discretion regarding plaintiff's employment. In *Asbill v. Housing Authority of Choctaw Nation,* 726 F.2d 1499 (10th Cir.1984), this court explained that only state law regarding *substantive* restrictions on the employer's discretion is relevant to the property interest determination:

> By themselves, however, these procedural protections do not support a "legitimate claim of entitlement" to future employment. At best, they merely support a claim of entitlement to the procedural protections themselves. At least five circuits have adopted the view that procedural protections alone do not create a protected property right in future employment; such a right attaches only when there are substantive restrictions on the employer's discretion. For example, if a statute, regulation, or policy specifies the grounds on which an employee may be discharged, or restricts the reasons for discharge to "just cause shown," then the employee has a right to continued employment until such grounds or causes are shown.

*Id.* at 1502 (citations omitted); *see also Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 541, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985) (" 'Property' cannot be defined by the procedures provided for its deprivation").

The sole remaining basis for plaintiff's property interest claim is the Elmore City

Code provision that plaintiff could be discharged "for the good of the service." In *Hall v. O'Keefe,* 617 P.2d 196, 200 (Okla. 1980), the Oklahoma Supreme Court considered a similar statutory provision, and held that the language "for the good of the service" does not confer upon a city employee a property interest requiring due process protections within the meaning of the Oklahoma Constitution.[2] In *Graham v. Oklahoma City,* 859 F.2d 142 (10th Cir. 1988), this court applied the *Hall* decision to a federal constitutional property interest claim, and similarly held that the language "for the good of the service" was insufficient to create a due process claim under the Fourteenth Amendment. *Id.* at 146.

### III.

Based on the foregoing, this court concludes that the Elmore City Code provision permitting the mayor to discharge plaintiff "for the good of the service" is not sufficient to create a property interest that is subject to federal constitutional guarantees. Plaintiff might have a procedural right under state or local law to appeal the mayor's termination decision to the City Personnel Board, but plaintiff does not have such a right pursuant to the due process clause of the Fourteenth Amendment. It follows that the district court's decision granting summary judgment on plaintiff's property interest claim should be reconsidered. Our analysis of the defense of qualified immunity in this case demonstrates that plaintiff had no constitutional property right to which that defense could apply. Also, the law was *not* clearly established that plaintiff had a constitutional right to a post-termination hearing. Accordingly, the district court's decision denying defendant Mercer's Motion to Reconsider is reversed and remanded for disposition in accordance herewith; on remand the district court should consider the pendent nonconstitutional claim of entitlement to the procedural right of a post-termination hear-

---

**2.** Article 2, Section 7 of the Oklahoma Constitution provides: "No person shall be deprived of life, liberty or property, without due process of law."

ing under state law.[3]

**3.** *See Carnes v. Parker,* 922 F.2d 1506, 1511 (10th Cir.1991); *Vinyard v. King,* 728 F.2d 428, 432 n. 15 (10th Cir.1984); *Asbill v. Housing Authority,* 726 F.2d 1499, 1501–02 (10th Cir.1984).