931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Verna STEWART, Plaintiff-Appellee,
v.
O'DONOGHUE REHABILITATION INSTITUTE, an Oklahoma Agency,
John Q. Doe, individually and as an unknown party,
Oklahoma Department of Human Services,
an Oklahoma Agency, Defendants,
and
Pamela F. TROUP, individually and as Administrator, Maria
Glenn, individually and as Interim Director of
Nursing, Mary Overall, individually and
as Assistant Administrator,
Defendants-Appellants.
 No. 90-6184.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1991.
 
 1
 Before STEPHEN H. ANDERSON and TACHA, Circuit Judges, and KANE,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 KANE, Senior District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff, a black female, commenced this action in district court alleging racial discrimination in employment as evidenced by her demotion from the position of head nurse at the defendant O'Donoghue Rehabilitation Institute (ORI). She also alleged retaliation for having filed an EEOC complaint alleging racial discrimination. She sought declaratory and injunctive relief and damages. Following the completion of discovery, defendants filed motions for summary judgment.
 
 
 6
 The court granted the motions in part. The court held that plaintiff had conceded both her 42 U.S.C. Sec. 1981 claim and her claim of retaliation as against all defendants. The court also held that petitioner had conceded her 42 U.S.C. Secs. 1983 and 1985 claims against defendant Oklahoma Department of Human Services (ODHS). The court granted ODHS's motion on plaintiff's claim of pattern or practice discrimination under Title VII, Glenn's motion on plaintiff's 42 U.S.C. Sec. 1985(3) conspiracy claim, and held that plaintiff could not sue defendants Troup, Overall, and Glenn in their official capacities.
 
 
 7
 The court denied the defendants' summary judgment motions on plaintiff's claim for injunctive relief under 42 U.S.C. Sec. 1983 and her Title VII claim for disparate treatment. The court held that defendants Troup, Overall, and Glenn were not entitled to qualified immunity from damages in their individual capacities on plaintiff's section 1983 claims. These three defendants appeal the court's denial of qualified immunity.[1]
 
 
 8
 "Our task in such an appeal is not to determine liability on a battle of affidavits, but to determine whether, on the basis of the pretrial record, there exists a conflict sufficiently material to defendants' claim of immunity to require them to stand trial." DeVargas v. Mason & Hanger-Silas Mason Co., 844 F.2d 714, 719 (10th Cir.1988). We must determine "not whether defendants violated plaintiffs' rights, but whether defendants "violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known." Id. at 723 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).
 
 
 9
 Here, in order to determine the objective reasonableness of defendants' conduct for qualified immunity purposes, we must consider "whether the defendant[s] acted with an impermissible motive or intent--a highly 'subjective' factual element." Lewis v. City of Ft. Collins, 903 F.2d 752, 755 (10th Cir.1990). The objective and subjective aspects of our inquiry are accommodated in the following manner. As a threshold matter, defendants "must make a prima facie showing of the 'objective reasonableness' of the challenged conduct." Id. (citing to Losavio, 847 F.2d at 649; and Martin v. District of Columbia Metro. Police Dep't., 812 F.2d 1425, 1434 (D.C.Cir.1987)). "Once a showing of objective reasonableness is produced, 'the plaintiff may avoid summary judgment only by pointing to specific evidence that the official's actions were improperly motivated,' Losavio, 847 F.2d at 649, thereby establishing the existence of a genuine issue of fact for trial." Lewis, 903 F.2d at 758.
 
 
 10
 The undisputed facts show that plaintiff began her employment at ORI in 1981. In 1985, plaintiff was promoted to the position of head nurse with twenty-four hour responsibility for the operation of her unit. In 1988, plaintiff was demoted to the position of Infection Control and Quality Assurance Coordinator.
 
 
 11
 In her complaint, plaintiff alleged that defendants Troup, administrator of ORI, and Glenn, Interim Director of Nursing at ORI, harassed her. She alleged that defendants Troup and Overall, assistant administrator of ORI, condoned the harassment and that Overall demoted plaintiff because of her race. Plaintiff further alleged that employee complaints against her were racially motivated and were inadequately investigated, thus providing a sham basis for her demotion.
 
 
 12
 Defendants contend they have met their burden of establishing the objective reasonableness of their actions. Defendants point to the high turnover rate on plaintiff's unit, low morale, and complaints by employees. In conjunction with this, they note plaintiff's admission in her deposition that she had corrected or reprimanded staff in the presence of patients, visitors, or other employees. Defendants allege they tried to help plaintiff correct her problems, but note that plaintiff admitted in her deposition she had made no changes in her behavior because she felt the problems were caused by defendant Glenn. In her brief on appeal, plaintiff admits that defendants appear to have met their burden of showing the objective reasonableness of their actions. Plaintiff's Reply Brief on Appeal at 11.
 
 
 13
 To meet her burden of showing defendants' improper motives, plaintiff submitted affidavits of two fellow nurses stating she was a "good head nurse" and an affidavit of one nurse stating she overheard another nurse saying they had to help defendant Glenn, who wanted to get rid of plaintiff. Rec. Vol. 1., No. 50. Plaintiff submitted by affidavit that a high turnover rate existed on the unit before she became the head nurse and that she was not the only black nurse harassed. Rec. Vol. 1, No. 51. Plaintiff submitted that a former black head nurse told plaintiff she quit after experiencing harassment. (This nurse apparently was not deposed because she was working in Saudi Arabia.) Plaintiff's evaluation of July 1988, before her demotion, indicated a performance level of 177 or successful in her position although the problems submitted by defendants as the reason for plaintiff's demotion were noted in the evaluation. Rec.Supp. Vol. II, No. 12.[2] Plaintiff also argues that defendants submitted no evidence as to how employee complaints were investigated or determinations as to racial motivation were made.
 
 
 14
 "If material factual disputes exist with regard to the actions of the official, summary judgment on the basis of qualified immunity is not possible." Campbell v. Mercer, 926 F.2d 990, 992 (10th Cir.1991) (citing DeVargas, 844 F.2d at 718-20). We hold that plaintiff has presented sufficient evidence to set forth an issue of fact as to whether defendants' actions were improperly motivated. "While plaintiff's claims may not prevail at trial, they are sufficient to overcome defendants' motion[s] for summary judgment." Garrett v. Rader, 831 F.2d 202, 205 (10th Cir.1987).
 
 
 15
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The denial of "defendants' motion for summary judgment on qualified immunity grounds constitutes an appealable decision within the meaning of 28 U.S.C. Sec. 1291." Pueblo Neighborhood Health Centers, Inc. v. Losavio, 847 F.2d 642, 644 (10th Cir.1988)
 
 
 [2]
 The parties did not include defendants' briefs in support of their motions for summary judgment, the addendum, or plaintiff's response as part of the record on appeal. Consequently, we have had the record supplemented. See 10th Cir.R. 11.1.1