56 F.3d 78
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ellis G. SHEKER, Plaintiff-Appellant,
v.
Mike GRIMES; David Treib, Defendants-Appellees.
 No. 94-6312.
(D.C. No. CIV-93-305-L)
 United States Court of Appeals, Tenth Circuit.
 June 5, 1995.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Ellis Sheker appeals from orders dismissing his due process claim and granting defendants summary judgment on his First Amendment retaliation claim. We affirm.
 
 
 4
 Plaintiff was employed by the State of Oklahoma Department of Public Safety as a Capitol Patrol Police Officer with the rank of sergeant. He is a member of the Fraternal Order of Police (FOP) and a member of a class represented by the FOP that brought a lawsuit for declaratory relief. Defendant Mike Grimes is plaintiff's third line supervisor. Defendant David Treib is plaintiff's second line supervisor.
 
 
 5
 On September 7, 1992, plaintiff handled a domestic violence incident. About two weeks later, Treib disciplined plaintiff for his handling of the incident by limiting his duties. Plaintiff later met with Treib and Grimes to discuss a grievance he had filed against Treib over Treib's response to the incident. Although Grimes stated plaintiff had used the wrong grievance procedure, he did listen to plaintiff's recitation of the events of September 7. Grimes then informed plaintiff that he had acted outside his jurisdiction. Although new legislation gave Capitol Patrol statewide jurisdiction, Grimes stated he would decide plaintiff's jurisdiction. He criticized plaintiff's decision to intervene in the domestic dispute because it had tied up two of four of the officers for half the shift. Grimes created a new shift for plaintiff and gave him a new area of assignment.
 
 
 6
 Plaintiff commenced this 42 U.S.C.1983 action, alleging that by, in effect, demoting him, defendants deprived him of property without due process of law and of his rights to association and speech. Defendants moved to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. The district court granted the motion as to the due process claim. It later granted defendants' motion for summary judgment on the First Amendment retaliation claim.
 
 
 7
 "We review the sufficiency of a complaint de novo and will uphold a dismissal of a complaint only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief." Coosewoon v. Meridian Oil Co., 25 F.3d 920, 924 (10th Cir.1994). "We must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." Id.
 
 
 8
 To determine whether there has been a denial of procedural due process, we must first ask whether the individual had a protected interest to which due process protections were applicable and, if so, whether the individual was afforded appropriate process. Farthing v. City of Shawnee, 39 F.3d 1131, 1135 (10th Cir.1994). Property interests are "created, defined and governed by state law." Bailey v. Kirk, 777 F.2d 567, 573 (10th Cir.1985). We must determine whether state law gave plaintiff "a legitimate claim of entitlement" to, rather than a unilateral expectation of or abstract need or desire for, the terms of employment of which plaintiff claims he was deprived. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972).
 
 
 9
 The complaint based the claim of a property interest on Okla. Stat. tit. 74, 841.13 (Supp.1993)(renumbered at Okla. Stat. tit. 74, 840-6.5 (Supp.1994)). This statute provided in part that the Oklahoma Merit Protection Commission generally does not have jurisdiction to entertain appeals of transfers or changes in duties unless "it is established that the action was clearly taken for disciplinary reasons and to deny the employee the right of appeal."
 
 
 10
 Contrary to plaintiff's assertion, the quoted language did not limit the employer's power to transfer or change duties for disciplinary reasons and to deny the right of appeal. Rather, it provided the Commission jurisdiction to entertain appeals challenging such changes.[2] However, a property interest is not created merely because an employee is provided with a right to appeal an employment decision, see Campbell v. Mercer, 926 F.2d 990, 993 (10th Cir.1991), or to file a grievance, see Carnes v. Parker, 922 F.2d 1506, 1511 (10th Cir.1991). Rather, "only state law regarding substantive restrictions on the employer's discretion is relevant to the property interest determination." Campbell, 926 F.2d at 993. "[M]eaningful limitations on the employer's authority" must be imposed to create a property interest. Phillips v. Calhoun, 956 F.2d 949, 953 (10th Cir.1992). Examples of substantive restrictions or limitations creating a property interest include requirements that discharges be based on cause, or on "merit and fitness alone." Patrick v. Miller, 953 F.2d 1240, 1245 (10th Cir.1992).
 
 
 11
 Section 841.13 placed substantive restrictions on the employer's discretion to discharge, suspend without pay, and demote. While the complaint alleged that the change in plaintiff's duties and duty station was, in effect, a demotion, and that, upon an audit of his position, he will be demoted, it did not allege that he actually was demoted. Plaintiff has pointed to no provision in the statute that limited the employer's discretion to change an employee's duties if such change did not amount to a demotion. Even a liberal construction of the statute cannot "add new provisions, substantive or otherwise, which the legislative tribunal in the exercise of its permitted choice omitted or withheld." E.C. Schroeder Co. v. Clifton, 153 F.2d 385, 390 (10th Cir.), cert. denied, 328 U.S. 858 (1946).
 
 
 12
 Further, section 841.13 provided that "[a] state agency shall have sole and final authority to designate the place or places where its employees shall perform their duties." Thus, no substantive limitations were placed on the employer's discretion to change plaintiff's duty station.
 
 
 13
 We conclude plaintiff has shown no property interest in his duties or duty station. Therefore, we need not address whether he was provided with appropriate process. The district court correctly dismissed the due process claim.[3]
 
 
 14
 Turning to the First Amendment retaliation claim, we review the grant of summary judgment de novo, applying the same legal standard as the district court under Fed.R.Civ.P. 56(c). Universal Money Ctrs., Inc. v. AT & T, 22 F.3d 1527, 1529 (10th Cir.), cert. denied, 115 S.Ct. 655 (1994). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " Id. (quoting Rule 56(c)). We must examine the record and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. Id. The moving party has the initial burden to show an absence of evidence supporting the nonmovant's case. Hatfield v. Board of County Comm'rs, No. 93-8094, 1995 WL 215267, at * 3 (10th Cir. Apr. 11, 1995). Once this burden is met, the nonmovant has the burden of showing there is sufficient evidence on which a jury could reasonably find in his favor. Id.
 
 
 15
 To prevail on a First Amendment retaliation claim, an employee initially must show 1) his speech involved a matter of public concern, 2) his interest in the speech outweighed the employer's interest in effective and efficient fulfillment of its public responsibilities, and 3) the protected speech was a motivating factor in an adverse action against him. Bisbee v. Bey, 39 F.3d 1096, 1100 (10th Cir.1994), petition for cert. filed, 63 U.S.L.W. 3707 (U.S. Mar. 17, 1995)(No. 94-1541). If the employee meets this burden, he can prevail only if the employer fails to show it would have reached the same decision absent the protected activity. Id. The only issue is whether plaintiff made a sufficient showing that his membership in the FOP and involvement with the lawsuit were motivating factors in the change in his duties and duty station.
 
 
 16
 Grimes' undisputed testimony is that he found out about the FOP lawsuit after he was served with plaintiff's complaint, and did not know that plaintiff was a member of the FOP even after the filing of that complaint. "Allegedly protected speech cannot be proven to motivate retaliation, if there is no evidence that the defendants knew of the protected speech." O'Connor v. Chicago Transit Auth., 985 F.2d 1362, 1370 (7th Cir.1993), petition for cert. filed, (U.S. July 12, 1993)(No. 93-5212); cf. Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 596 (10th Cir.1994)(holding proof employer knew of protected activity, plus close proximity of adverse employment action, sufficiently probative of retaliatory motive). We therefore conclude summary judgment was appropriately granted in favor of defendant Grimes on the First Amendment retaliation claim.
 
 
 17
 Defendant Treib conceded that he was aware of the membership of the FOP and that the lawsuit had been filed. However, while plaintiff asserted his belief that Treib's actions were taken solely because of plaintiff's exercise of expressive association, his belief, without supporting evidence, is insufficient to establish a retaliatory motive. See Candelaria v. EG & G Energy Measurements, Inc., 33 F.3d 1259, 1261 (10th Cir.1994). Plaintiff admitted that Treib never told plaintiff he objected to the lawsuit. Further, all plaintiff could offer when asked how he knew Treib objected to the lawsuit was that the "entire organization" was very upset when the lawsuit was filed. Appellees' App. at 67.[4] This evidence does not raise an inference that Treib retaliated against plaintiff for his involvement with the lawsuit.
 
 
 18
 That leaves the question whether the timing of the alleged disparate punishment and infringement of plaintiff's administrative rights is circumstantial evidence from which a jury could infer that Treib retaliated against him. See Bisbee, 39 F.3d at 1101 (noting retaliation frequently proven by circumstantial evidence). The FOP was formed about three years before the events in question, and the lawsuit was filed about one year before. This is not the kind of "close temporal proximity" that raises an inference of retaliatory motive. See Smith v. Maschner, 899 F.2d 940, 948, 949 (10th Cir.1990)(adverse action followed protected activity "immediately"); Ramirez, 41 F.3d at 596 (adverse action followed protected activity by one and one-half months); cf. Candelaria, 33 F.3d at 1262 (no inference where protected activity preceded adverse action by three years). Consequently, we conclude the district court correctly granted defendant Treib summary judgment on the First Amendment retaliation claim. In light of our disposition, we need not address whether defendants are entitled to qualified immunity.
 
 
 19
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 It does not appear section 841.13 would have allowed an appeal unless the transfer or change in duties constituted a discharge, suspension, or demotion. The title of this section was "Discharge, suspension or demotion of employee--Notice--Appeal--Hearing--Findings." The title of a statute can aid in resolving any ambiguity in the statute's text. INS v. National Ctr. for Immigrants' Rights, Inc., 502 U.S. 183, 189 (1991). This title suggests employment actions that did not constitute a discharge, suspension, or demotion were not covered by the statute. Further support for this conclusion is found in section 841.13, which provided, "[i]t is the purpose of this section to provide a system for the prompt, fair, and equitable disposition of appeals by permanent classified employees who have been demoted, suspended, or discharged." As explained below, plaintiff did not allege he actually was demoted
 
 
 [3]
 We disagree that the district court required plaintiff to exhaust state remedies to bring this claim
 
 
 [4]
 Although in the excerpt of plaintiff's deposition testimony provided by defendants plaintiff was asked for specific instances that established the "entire organization" was angry about the lawsuit, neither party provided us with plaintiff's answer to the question