Robert L. KESTER, Appellant,

v.

CITY OF STILWELL, a municipal corporation, Appellee.

No. 87705.

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 7, 1997.

Dan George, Sallisaw, for Appellant.

A. Carl Robinson, Robinson, Gage, & Williams, Muskogee, for Appellee.

## OPINION

JOPLIN, Judge:

Appellant Robert L. Kester seeks review of the trial court's order granting summary judgment to Appellee City of Stilwell (City) in Kester's action against City arising from termination of Kester's employment as City's chief of police. We agree with Kester that the trial court erred in granting summary judgment to City, City having arguably failed to follow its own policies and procedures in terminating Kester and, accordingly, we reverse the order of the trial court and remand the matter for further proceedings consistent with this opinion.

Kester was hired as City's chief of police. Subsequently, members of the city council

received complaints regarding Kester and other police officers, which the City council apparently considered on more than one occasion. Ultimately in April 1993, City council heard statements of the complaining parties, and upon consideration thereof in executive session, voted to terminate Kester's employment. City notified Kester by letter of his termination.

Kester requested a hearing, claiming City council had failed to follow its own policies and procedures for termination of City employees, particularly, that City had failed to notify Kester of the charges against him and to afford him an opportunity to be heard thereon prior to any action. The council then apprised Kester of the "reasons" for his termination and his right to a hearing, apparently pursuant to City's review procedures.

After City terminated Kester, City then conducted a hearing, ostensibly in accord with City's termination policies and procedures. Thereat, the City council produced and took testimony from the witnesses against Kester. However, Kester's attorney refused to cross-examine the witnesses, claiming the hearing to be in violation of the disciplinary procedures previously adopted by City through the City council, i.e., denying Kester a *pre*-termination hearing. At the conclusion of the hearing, the City council voted to adopt certain previously drafted findings of fact substantiating the reasons for Kester's termination of employment.

Kester appealed his termination to the district court, moving for summary judgment on the issue of City's liability. City filed its own motion for summary judgment, asserting Kester had no protected property interest in future employment and that City had nevertheless afforded Kester his "due process/appeal" hearing required by City's own self-imposed disciplinary procedures. The lower court affirmed the termination decision, and Kester appeals. The matter stands submitted for accelerated appellate review on the trial court record under Rule 13(h), Rules for District Courts, 12 O.S.Supp.1993, Ch. 2, App., and Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1993, Ch. 15, App. 2.

■ We have reviewed the record and find no controversy of material fact on the issue of Kester's right to or expectation of future employment as an at-will employee. That is, by City charter provision, City could terminate Kester's at-will employment as police chief "when necessary for the good of the service." *See, e.g., Hall v. O'Keefe,* 617 P.2d 196 (1980) (term "for the good of the service" not synonymous with "good cause" or "cause" as to limit right of city to terminate employee at will and creates no protected property interest in future employment).

Nevertheless, at the time of Kester's hiring and firing, City had in place personnel policies and procedures, approved by the City council, which required City to notify employees of specific charges, allegations or reasons for City's consideration of "possible" disciplinary action. City argued below that to the extent the City's personnel policies and procedures might be read to restrict City's charter-granted right to terminate at-will, any disciplinary/termination policy or procedure adopted by the City council attempting to restrict the largely unbridled discretion granted by the City charter would be invalid and unenforceable. City further argued that Kester received all such notice and right to be heard required by the City personnel policy and procedure, City having advised Kester of the charges against him and his right to a hearing thereon, and that in any event Kester is not entitled to the relief requested—reinstatement of employment and back pay.

■ While we agree with City that where a city charter sets forth terms and conditions for termination of employees, city officials may not alter or restrict those terms, we find City's personnel policies and procedures in no way restrict City's charter-granted *right* to terminate at will, rather adopting a specific *procedure* to discipline and/or terminate. *Cf., e.g., Driggins v. City of Oklahoma City,* 954 F.2d 1511 (10th Cir.1992) (where terms of employee dismissals are explicitly stated in city charter, city officials may not alter or otherwise restrict those terms); *with, Campbell v. Mercer,* 926 F.2d 990 (10th Cir.1991) (procedural protections do not support claim of entitlement to future employment but

merely support a claim of entitlement to the procedural protections themselves). In this particular, by requiring that an employee receive notice of the specific reasons for consideration of "possible" discipline, the City's personnel policies and procedures clearly require that when City contemplates discipline or termination of an employee, City must notify the employee of the basis for the contemplated action prior to a determination thereof, and Kester presented evidence in opposition to summary judgment that City did not notify Kester of the nature of the allegations against him for which he might suffer discipline until *after* the City council had accepted evidence and terminated Kester's employment based on the evidence taken. Finding material facts in controversy concerning sufficiency of the notice required by City policy and procedure, we conclude the trial court erred in granting summary judgment to City.

On the damages issue, we observe that "[t]he general rule of damages for breach of employment contracts is that the aggrieved party is entitled to recover an amount which will compensate him for all the detriment proximately caused by such breach, or which will be likely to result therefrom." *Hall v. Farmers Ins. Exchange,* 713 P.2d 1027, 1031 (Okla.1985). *But cf., Jeter v. Jim Walter Homes, Inc.,* 414 F.Supp. 791 (W.D.Okla.1976) (Where contract of employment which gave rise to breach of contract action was not for a term certain, discharged employee was not entitled to recover loss of future wages). In the present case Kester was clearly an at-will employee subject to termination with or without cause, and the record reflects the parties narrowed the issue below to City's liability for its failure to follow its own disciplinary procedures. Under the above authorities and as the parties framed the issue, should City be determined liable for breach of its policies and procedures, Kester would arguably be entitled, not to reinstatement and back pay, but only those damages directly attributable to City's failure to adhere to its own policies and procedures, not from the termination itself.

The order of the trial court granting summary judgment to City is therefore RE-VERSED, and the cause REMANDED for further proceedings.

HANSEN, P.J., concurs.

BUETTNER, J., specially concurs with separate opinion.

BUETTNER, Judge, specially concurring:

I agree with this resolution of the case because the City appears to have been proceeding as in a disciplinary action, finding cause to terminate its chief of police. A city may establish procedures to discipline its employees which may result in a variety of actions, including termination. Under the procedures adopted by the City of Stilwell, if an employee was subject to discipline, including termination, then the employee had the right to be informed of the charges and an opportunity to respond to the charges. These rights may be important in determining the quality of the evidence as well as providing the employee an opportunity to clear his name. However, these rights do not come into play when termination is for "the good of the service," such as a reduction in force, or when a city council has simply lost confidence in a city official that it has the authority to hire and fire. When such an official is being terminated without cause, then disciplinary procedures such as the ones discussed in this case are not appropriate, and would unnecessarily restrict the ability of a city to terminate an employee without cause. Because the City was proceeding against its chief of police "for cause," it may be liable for not following its disciplinary procedures.