EBEL, Circuit Judge,
dissenting in part and concurring in part:
Although I am in agreement with much of the majority opinion, I disagree with the majority’s conclusion that a reasonable jury could not have found Bowen was entitled through the doctrine of implied contract to a course of progressive discipline before his discharge by IPMO. Although IPMO could have terminated Bowen for any reason or no reason, there was, in my opinion, enough.evidence on this record to support a jury verdict that IPMO was obligated under an implied contract to follow its disciplinary procedures. I agree with the majority that if the evidence presented at trial had been limited' to the employee handbooks, no implied contract rights would have arisen in the face of clear disclaimers contained therein. Under our standard of review and in light of additional evidence presented at trial, however, I would affirm the jury’s finding that IPMO breached' its implied employment contract with Bowen.
As the majority correctly notes, it is not proper to disturb a jury’s verdict unless “there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.” Fed.R.Civ.P. 50(a)(1). In order to reverse the district court’s denial of a motion for judgment as a matter of law, we must conclude that no reasonable jury could have reached this result on the evidence presented. While I believe the majority’s analysis of this issue would be persuasive under a less restrictive standard of review, I believe that there was evidence before the jury supporting an alternative interpretation of Bowen’s employment relationship with IPMO. Under the procedural posture of this case, I am bound to assume that the jury chose to believe and rely on this other evidence in reaching its conclusion.
Under Oklahoma law, where disclaimers in an employee handbook purport to negate any contractual reliance on the procedures outlined within, an implied contract may nonetheless arise where additional evidence indicates that the procedures were consistently followed. See Johnson v. Nasca, 802 P.2d 1294, 1297 (Okla.App.1990) (“[T]he handbook, when viewed in conjunction with a pattern of practice indicating the . adoption and consistent use of these procedures, may lead reasonable minds to differing conclusions about the existence of implied contractual rights to use. of these procedures.”); Russell v. Board of County Commissioners, 952 P.2d 492, 502 (Okla.1997) (“An employer’s con-duet-i.e., representations and practices-which' is inconsistent with its disclaimer may negate the disclaimer’s effect.”). In Nasca, the court found the testimony of the employer’s personnel director that certain disciplinary procedures outlined in the manual were consistently applied rendered ambiguous the manual’s attempt to disclaim any right to the procedures. See id. Thus, an implied contract may result from the consistent pattern or practice of an *1289 employer in conformity with its policies, despite disavowing language in the manuals.
In the present case, the jury was presented with evidence that IPMO consistently applied its system of progressive discipline and that Bowen was entitled to those procedural safeguards of his employment. At trial, IPMO’s president, Don Haynes, was asked whether, “[i]f Mr. Bowen was terminated due to poor work performance, was he entitled to have due process and the disciplinary/action documentation policies followed?” Haynes replied: “Sure. If [Bowen] told me he didn’t want to resign and he still felt that he wanted to work out of where he was, we would have started the due diligence process of sitting down and creating the documents and being fair in the time frame of doing those documents.”[4] (Aple.App. at 663.) This admission by the president of IPMO is sufficient evidence that the progressive discipline system was so routinely applied that it was at least a question for the jury whether the practices and representations of IPMO should defeat the disclaimers. In light of such evidence, the majority’s reversal of the jury verdict is unwarranted.
I would also affirm the jury’s award of $372,230 in breach of contract damages to Bowen.
Before a verdict of the jury will be set aside as excessive it must appear that the verdict is so excessive as to strike mankind, at first blush, as being beyond all measure unreasonable and outrageous and such as manifestly shows the jury to have been actuated by passion, partiality, prejudice or corruption.
Park v. Security Bank and Trust Co., 512 P.2d 113, 116 (Okla.1973). The jury’s award was apparently based on the testimony of Dr. Bonham, who calculated the present value of the difference between Bowen’s salary with IPMO and his current wages, assuming that Bowen would have continued to work for IPMO until age 65. Once the jury had decided that Bowen had a contractual right to progressive discipline, it might also draw the reasonable inference that Bowen could have thereby corrected any deficiencies in his performance and continued his employment with IPMO until retirement. The damages award therefore does not warrant reversal.
IPMO’s claim that the jury misinterpreted the damages instruction is also unpersuasive. The instruction clearly stated that damages should be awarded in the amount “that is needed to put him in as good a position as he would have been if the contract had not been breached.” (ApltApp. at 170.) Generally, “[a]ppellate courts do not impute to a jury the inability to understand correctly the totality of the trial court’s instructions, even in a complicated case, nor will courts impute nonfea-sance, by disregard of a court’s instructions, to a jury.” Rasmussen Drilling, Inc. v. Kerr-McGee Nuclear Corp., 571 F.2d 1144, 1149 (10th Cir.1978) (citation omitted); see also Whiteley v. OKC Corp., 719 F.2d 1051, 1059 (10th Cir.1983). In the present ease, as previously stated, I find it perfectly reasonable for a jury to decide that the progressive discipline procedures guaranteed by the implied contract would allow him to correct deficient work performance and continue with IPMO. Thus, the instruction allows the jury to award lost wages until Bowen’s anticipated retirement.
Finally, I agree with the majority that there was sufficient evidence supporting the jury’s finding that Bowen was not substantially limited in his ability to work or learn under the Americans with Disabilities Act. I would therefore reject his cross-appeal for substantially the same reasons presented in the majority’s opinion.
For the foregoing reasons, I respectfully dissent from the majority’s conclusion that the jury could not reasonably have found *1290 the existence of an implied contract between Bowen and IPMO entitling Bowen to a course of progressive discipline. I would therefore affirm the jury’s verdict, as well as its damages award. I concur in the majority’s rejection of Bowen’s cross-appeal.

. One part of Appellant's defense at trial was that Appellee had voluntarily resigned, while Appellee contended he was terminated. Under our standard of review, we must assume the jury found that Appellee was, in fact, terminated.