**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LARRY PARKER,

      Plaintiff-Appellant,

v.

TOWN OF CHELSEA; KENNY
WEAST; CHARLES BARNES;
HOWARD DRAKE; REBECCA
MURATET,

      Defendants-Appellees.

No. 06-5218
(D.C. No. 05-CV-0550-CVE-FHM)
(N.D. Okla.)

---

**ORDER**

---

Before **KELLY**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

This matter is before the court on appellant's petition for panel rehearing.
After considering the petition and the response, the petition for rehearing is
DENIED. The court has modified the order and judgment on its own motion,
however, for purposes of clarifying the scope of the remand. The modified order
and judgment is attached.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LARRY PARKER,

      Plaintiff-Appellant,

v.

TOWN OF CHELSEA; KENNY
WEAST; CHARLES BARNES;
HOWARD DRAKE; REBECCA
MURATET,

      Defendants-Appellees.

No. 06-5218
(D.C. No. 05-CV-0550-CVE)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **ANDERSON**, Circuit Judges.

Larry Parker appeals from the district court's orders granting summary

judgment in favor of defendants. Mr. Parker's complaint arises out of the

termination of his employment as chief of police for the defendant Town of

Chelsea. He asserted claims for due process violations, government infringement

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

on his liberty interest, breach of contract, and intentional and/or negligent inflicton of emotional distress. In its initial order, the district court granted summary judgment on the liberty interest and emotional distress claims, but denied summary judgment on the due process and contract claims. In an amended order, it granted summary judgment on those two remaining claims. Mr. Parker's opening appellate brief challenges the district court's rulings on his breach of contract and liberty interest claims. Because he does not raise a challenge to the district court's rulings on the due process and emotional distress claims, any such challenge to those claims is waived. *See*, *e.g.*, *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994). We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand on the breach of contract claim, and we affirm on the liberty interest claim.

### Standard of Review

We review de novo the district court's grant of summary judgment, applying the same standard as the district court. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* In considering a motion for summary judgment, the evidence must be viewed in the light most favorable to the party opposing the motion. *Id.*

-2-

## Breach of Contract Claim

Mr. Parker began his employment with the defendant Town of Chelsea ("Town") as a law enforcement officer in 1995. He was appointed to the position of police chief in 2001, and he was terminated from that position on March 14, 2005. After he was terminated, he submitted a written grievance to Earl Knipe, a member of the Board of Trustees of the Town, but he did not receive any response to his grievance. In his amended complaint, Mr. Parker brought a breach of contract claim asserting that an implied contract existed between him and the Town based on the Employee Handbook "which provides the Plaintiff with a protected property interest and certain employment safeguards." Aplt. App., Vol. I at 217. Mr. Parker was therefore asserting that he had an implied contractual right to two different things: (1) a protected property interest; and (2) certain employment safeguards.

The district court properly concluded that Mr. Parker was an at-will employee who, according to Oklahoma law, could be terminated "solely for the good of the service," Okla. Stat. tit. 11, § 12-114, and therefore could not have a protected property interest in continued employment. As a result, the district court concluded that the Employee Handbook could not have created an implied contract altering the at-will nature of plaintiff's employment. Mr. Parker is not challenging this conclusion by the district court. But Mr. Parker's argument on appeal is that even if he was an at-will employee, an implied contract could have

existed regarding the grievance procedure to be followed during termination, which is the second part of his breach of contract claim. The district court did not separately address this issue in its order granting summary judgment in favor of the Town. Mr. Parker argues on appeal that the district court erred in granting summary judgment on his breach of contract claim because:

> The grievance provisions did not limit the [the Town's] right to terminate the at-will employment of [Mr. Parker]. Instead, the procedural safeguards set forth in the grievance procedures merely reflect that the Board of Trustees wanted to follow certain procedures regarding termination. These procedural safeguards were valid and enforceable.

Aplt. Br. at 9.

Mr. Parker is correct that even an at-will employee may have an implied contractual right to certain employment procedures. *See*, *e.g.*, *Kester v. Stilwell*, 933 P.2d 952, 953-954 (Okla. Ct. App. 1997); *Johnson v. Nasca*, 802 P.2d 1294, 1295-1297 (Okla. Ct. App. 1990); *Breshears v. Moore*, 792 P.2d 91, 92-94 (Okla. Ct. App. 1990). The question then is whether a genuine issue of material fact exists regarding Mr. Parker's assertion that he did have an implied contractual right to the grievance procedure in the Employee Handbook, and that the Town breached its contractual duty by failing to follow that procedure. "An inquiry into whether an implied contract exists is normally factual." *Dupree v. United Parcel Serv., Inc.*, 956 F.2d 219, 222 (10th Cir. 1992); *see also Russell v. Bd. of County Comm'rs*, 952 P.2d 492, 502 (Okla. 1998).

-4-

In its motion for summary judgment, the Town made two arguments regarding the breach of contract claim: (1) that the Town never adopted the Employee Handbook; and (2) that the Handbook contained disclaimers stating that it does not create an express or implied right of contract of employment and that individuals are employed on an at-will basis. In response, Mr. Parker provided evidence that the Town did adopt the Employee Handbook, including minutes from a Board of Trustees meeting in 2004 where the Board approved the adoption of the revised Employee Handbook. *See* Aplt. App., Vol. II at 389.

Mr. Parker also presented evidence that the Employee Handbook included a grievance procedure provision, that the Trustees believed that the grievance procedure should be followed, and that the grievance procedure was not followed in his case. The Employee Handbook grievance procedure states as follows:

> If an employee feels he has been treated unfairly or if he has a complaint, he should discuss it with the supervisor/Trustee. The supervisor/Trustee shall attempt to resolve the problem promptly and fairly, and give his/her decision to the employee within ten working days.
>
> If the employee is dissatisfied with the supervisor's decision, the employee may choose to submit the grievance in writing to the assigned Trustee. The Trustee shall give a decision to the supervisor and the employee within ten working days.
>
> If the employee is dissatisfied with the Trustee's decision, the employee may choose to submit the grievance in writing to the Board.

*Id*. at 343.

Mr. Parker then provided excerpts from the deposition testimony of members of the Town's Board of Trustees: Earl Knipe, Mark Ramsey, and Rebecca Muratet. Mr. Knipe agreed with the statement that it is "intended for the employees to rely on [the Employee Handbook] and believe and understand that the[] policies and practices that are in the employee manual will, in fact, be followed with each of [the employees]." *Id*. at 401. He further agreed that the Town "has always done its best to comply with th[e] practices and policies that are in the employee manual" and "that when a person in any position comes to work for the Town of Chelsea, . . . that person can rightfully assume and believe that the employee manual and practices and policies are going to be followed with regard to him." *Id.* at 402. He admitted, however, that the policies and practices in the Employee Handbook were not followed with regard to Mr. Parker. *Id*.; *see also id.* at 399-400 (acknowledging that, according to the Employee Handbook, a response is supposed to be made to a written grievance, but that no response was made to Mr. Parker's grievance). Consistent with Mr. Knipe's testimony, Mr. Ramsey testified that the grievance procedure in the Employee Handbook requires a written response. *Id*. at 418. Likewise, Ms. Muratet testified that Mr. Knipe was obligated to respond to Mr. Parker's written grievance. *Id*. at 425.

The Town did not file a reply to its motion for summary judgment. As a result, it offered no rebuttal to Mr. Parker's argument regarding the grievance procedure. Now, for the first time on appeal, it is attempting to argue that it is

entitled to summary judgment because Mr. Parker did not properly exercise his grievance rights. As Mr. Parker correctly points out in his appellate reply brief, this argument was not presented to the district court. The Town did not make this assertion in its answer to the complaint or in its motion for summary judgment. In general, this court will not consider an argument that was not presented to the district court, and the Town has not articulated a reason to depart from this rule. *See Walker v. Mather* (*In re Walker*), 959 F.2d 894, 896 (10th Cir. 1992).

Mr. Parker's evidence demonstrates the existence of a grievance procedure in the Employee Handbook, which from its plain language appears mandatory: "The supervisor/Trustee *shall* attempt to resolve the problem promptly and fairly, and give his/her decision to the employee within ten working days." Aplt. App., Vol. II at 343 (emphasis added). Moreover, despite the disclaimers identified in the Employee Handbook by the Town, Mr. Parker provided evidence that members of the Board of Trustees believed that the Town was required to follow the grievance procedure in the Handbook, that the Town did its best to comply with the provisions in the Handbook, and that employees could rely on the provisions in the Handbook and expect that they would be followed by the Town. Oklahoma courts have held that inconsistences between the language in a handbook and the employer's conduct and representations may create a factual issue precluding summary judgment. In *Johnson*, the court held that:

> While an employer may disclaim the creation of contractual rights, such a disclaimer must be clear. Here, the handbook, when viewed in conjunction with a pattern of practice indicating the adoption and consistent use of these procedures, may lead reasonable minds to differing conclusions about the existence of implied contractual rights to use of the procedures.

802 P.2d at 1297; *see also Russell*, 952 P.2d at 503 (holding that plaintiffs' "evidentiary materials raise a material fact question whether the effectiveness of the Board's written disclaimer is negated by inconsistent employer conduct."). Finally, Mr. Parker provided evidence that the grievance procedure was not followed in his case.

Because Mr. Parker has raised a genuine issue of material fact as to whether an implied contractual right existed to the use of the grievance procedure, and whether the Town is liable for its failure to follow that grievance procedure, we must reverse and remand to the district court for further proceedings on this issue.

<u>Liberty Interest Claim</u>

Mr. Parker brought a claim against defendants, arguing that his wrongful termination infringed on his liberty interests without due process of law in violation of the Fifth Amendment. In the employment context, liberty interests involve: "1) the protection of [the employee's] good name, reputation, honor, and integrity, and 2) [the employee's] freedom to take advantage of other employment opportunities." *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988). In order

to support a claim for violation of his liberty interests, Mr. Parker must show that the defendants made statements that: (1) impugned his "good name, reputation, honor, or integrity;" (2) were false; (3) occurred in the course of his termination; and (4) were published. *Workman v. Jordan*, 32 F.3d 475, 481 (10th Cir. 1994).

Mr. Parker's evidence in support of his liberty interest claim consisted of the conclusory statement from his affidavit that: "In the course of my termination, the Defendants publicized the false charges that I was guilty of misappropriating funds," Aplt. App., Vol. II at 409, and the conclusory statement from the affidavit of one other individual that: "I believe the accusations against Chief Parker were published or reported by the Defendant Board of Trustee members," *id.* at 437. Conclusory statements are insufficient to overcome defendants' motion for summary judgment. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 675 (10th Cir. 1998). Because Mr. Parker failed to present sufficient evidence demonstrating that defendants made false statements about him and that such false statements were published, the district court properly

granted summary judgment in favor of defendants on Mr. Parker's liberty interest claim.

The judgment of the district court is AFFIRMED in part and REVERSED and REMANDED in part.[1]

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[1] For his third issue on appeal, Mr. Parker asserts that the district court erred in granting qualified immunity to the defendants on his contract claim. This is a mischaracterization of the district court's order. The district court granted qualified immunity to the individual defendants on Mr. Parker's federal due process claim, not on his state law breach of contract claim. *See* Aplt. App., Vol. II at 511-12. The individual defendants were not named in the breach of contract claim and, even if they had been named, qualified immunity is not available as a defense to a state law breach of contract claim. Mr. Parker's misguided argument on this issue provides no basis to disturb any part of the district court's order.